IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| **Derrick Johnson,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. _____ |
| ) | Jury Demanded |
| **GardaWorld Security Services,** ) | |
| ) | |
| Defendant. ) | |

**VERIFIED COMPLAINT
FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT**

**COMES NOW** Plaintiff Derrick Johnson (hereinafter, "Mr. Johnson"), by and through counsel, and for his Complaint against Defendant GardaWorld Security Services (hereinafter, "GardaWorld"), states and alleges as follows:

**NATURE OF THE COMPLAINT**

1. Mr. Johnson brings this action under federal law, specifically the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

2. Mr. Johnson brings this action against GardaWorld for unpaid compensation, both straight time and overtime, and related penalties and damages, resulting from GardaWorld's willful false recording of a portion of his working hours as "off-the-clock."

3. GardaWorld's practices were and are in direct violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.

4. For said violations, Mr. Johnson seeks declaratory relief; compensation for work hours for which he was unpaid, including overtime premiums for all hours worked over forty hours in a work week;

1

Doc ID: 1a3753de7616fd91c4dd9cc6c55e8ae7f059ab00

liquidated and/or other damages as permitted by applicable law; and attorney's fees, costs, and expenses incurred in this action.

## PARTIES

5. Mr. Johnson is an adult resident of Memphis, Shelby County, Tennessee.

6. Upon information and belief, Defendant GardaWorld Security Services is a Missouri-based corporation authorized and licensed to do business in the State of Tennessee., and may be reached for service through its registered agent, CT Corporation, 300 Montvue Road, Knoxville, TN 37919-5546.

## JURISDICTION AND VENUE

7. This Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1311 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.

8. This Court has personal jurisdiction over GardaWorld because GardaWorld conducts business in Memphis, Shelby County, Tennessee, in this Judicial District.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Mr. Johnson's claims occurred in this District.

## FACTUAL BACKGROUND

10. Mr. Johnson was hired by GardaWorld in or about October 2019.

11. Mr. Johnson's employment with GardaWorld was terminated on or about February 3, 2020.

12. Mr. Johnson's position with GardaWorld was Security Guard Supervisor, and as such he was classified by GardaWorld as a non-exempt employee under the FLSA.

13. Mr. Johnson's job duties included providing security services at the Memphis Nike Distribution Center and supervising a crew of security guards at the facility.

Doc ID: 1a3753de7616fd91c4dd9cc6c55e8ae7f059ab00

14. GardaWorld paid Mr. Johnson an hourly rate of $15.00 per hour.

15. Mr. Johnson typically worked eight or more overtime hours per week.

16. Mr. Johnson is not exempt from the right to receive overtime pay or to be paid for all hours worked under the FLSA.

17. GardaWorld had the power to hire and fire Mr. Johnson.

18. GardaWorld controlled the number of hours Mr. Johnson worked, as well as the rate and method of his payment.

19. Starting from the first day of his employment to his last, a one-hour break was consistently entered and deducted daily from Mr. Johnson's paycheck even though Mr. Johnson's lunch break, with management's knowledge, was frequently interrupted.

20. Approximately two days per week, on average, Mr. Johnson's lunch break was interrupted by calls requesting security escort services for first responders and others.

21. On the days these calls occurred, Mr. Johnson was unable to complete his lunch break, but one hour was nonetheless deducted from his pay.

22. This resulted in Mr. Johnson working "off the clock" on a regular basis.

23. GardaWorld knew that Mr. Johnson was actually working through his lunch break since the calls requesting his security escort services came from GardaWorld management.

24. Despite this knowledge, GardaWorld willfully reduced Mr. Johnson's hours worked on his timecards on a continuing basis.

25. Therefore, GardaWorld willfully failed to pay Mr. Johnson for all hours worked.

### COUNT I--VIOLATION OF THE FAIR LABOR STANDARDS ACT

26. Mr. Johnson realleges and incorporates all allegations above as if actually set forth herein.

27. At all relevant times, GardaWorld was an "employer" engaged in the interstate

"commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

28. At all relevant times, GardaWorld employed Mr. Johnson.

29. At all relevant times, GardaWorld had gross annual operating revenues in excess of Five Hundred Thousand Dollars and 00/100 cents ($500,000.00).

30. The FLSA requires each covered employer, such as GardaWorld, to compensate all non-exempt employees for all hours worked at an hourly rate of not less than minimum wage and compensate all non-exempt employees at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a work week.

31. Under 29 C.F.R. § 785.19, while bona fide meal periods are not considered worktime, the employee must be completely relieved from duty for the purposes of eating regular meals, and the employee is not relieved if he is required to perform any duties, whether active or inactive, while eating.

32. GardaWorld willfully changed Mr. Johnson's time records when it purposefully deducted hours from Mr. Johnson's daily time card when he had actually worked during the period.

33. When GardaWorld changed Mr. Johnson' time records and inserted a meal break into Mr. Johnson's time records, GardaWorld decreased the number of work hours for which Mr. Johnson was credited in its payroll system.

34. Therefore, when GardaWorld paid Mr. Johnson based on his altered time records, it willfully failed to pay Mr. Johnson for all hours worked.

35. Further, when GardaWorld paid Mr. Johnson based on his altered time records, it willfully failed to pay Mr. Johnson an overtime premium in accordance with the law, to the extent that the number of his hours worked exceeded forty.

Doc ID: 1a3753de7616fd91c4dd9cc6c55e8ae7f059ab00

36. As a result of GardaWorld's failure to compensate Mr. Johnson for all hours worked and its failure to compensate him at a rate of not less than one and one-half times the regular rate of pay for all work performed in excess of forty hours in a work week, GardaWorld has violated, and continues to violate, the FLSA, including 29 U.S.C. § 207(a)(1) and § 206(a).

37. The foregoing conduct, as alleged, constitutes willful violations of the FLSA within the meaning of 29 U.S.C. § 255(a).

38. The foregoing conduct, as alleged, also fails to meet the standard of good faith compliance with the FLSA within the meaning of 29 U.S.C. § 260.

### PRAYER FOR RELIEF

WHEREFORE, Mr. Johnson prays for relief as follows:

1. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

2. Pre-judgment interest, as provided by law;

3. An award of money damages for unpaid wages, including liquidated damages, front pay, back pay, and compensatory and punitive damages in an amount to be determined at trial;

4. An award of money to Mr. Johnson for costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees; and

5. Any and all such other and further legal and equitable relief as this Court deems necessary, just, and proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to

Doc ID: 1a3753de7616fd91c4dd9cc6c55e8ae7f059ab00

which he has a right to jury trial.

Dated: February 25, 2020                                    Respectfully submitted,

                                                      s/Philip Oliphant
Alan G. Crone, TN Bar No. 014285
Philip Oliphant, TN Bar No. 25990
THE CRONE LAW FIRM, PLC
88 Union Avenue, 14th Floor
Memphis, TN 38103
(901) 737.7740 (voice)
(901) 474.7926 (fax)
acrone@cronelawfirmplc.com
poliphant@cronelawfirmplc.com
*Attorney for Plaintiff*

Doc ID: 1a3753de7616fd91c4dd9cc6c55e8ae7f059ab00

## DECLARATION AND VERIFICATION

    I, **Derrick Johnson**, verify and declare that the facts stated in the foregoing Verified Complaint to the best of my knowledge and belief are true, and that the Complaint is not made out of levity or by collusion with the Defendant, but in sincerity and truth for the causes mentioned in the Complaint.

_____

**Derrick Johnson**

Date: 02 / 25 / 2020

Doc ID: 1a3753de7616fd91c4dd9cc6c55e8ae7f059ab00



Audit Trail

| | |
|---|---|
| **TITLE** | Johnson, Derrick - Complaint to be verified |
| **FILE NAME** | Johnson D. - FLSA...be verified).docx |
| **DOCUMENT ID** | 1a3753de7616fd91c4dd9cc6c55e8ae7f059ab00 |
| **AUDIT TRAIL DATE FORMAT** | MM / DD / YYYY |
| **STATUS** | ● Completed |

## Document History

**SENT** | **02 / 25 / 2020** 12:41:55 UTC-6 | Sent for signature to Derrick Johnson (derrickjohnson626@gmail.com) from jlc@cronelawfirmplc.com
IP: 73.177.108.241

**VIEWED** | **02 / 25 / 2020** 12:49:18 UTC-6 | Viewed by Derrick Johnson (derrickjohnson626@gmail.com)
IP: 107.77.241.37

**SIGNED** | **02 / 25 / 2020** 12:49:49 UTC-6 | Signed by Derrick Johnson (derrickjohnson626@gmail.com)
IP: 107.77.241.37

**COMPLETED** | **02 / 25 / 2020** 12:49:49 UTC-6 | The document has been completed.

Powered by HELLOSIGN